IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 22-CR-297-SEH |
| DOUGLAS COLBY BARNES, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**[1]

This matter comes on pursuant to referral by United States District Judge Sara Hill of issues related to a sealed medical evaluation filed with the Court on April 9, 2025. ECF No. 124 (referral); ECF No. 122 (sealed medical evaluation).[2]

**I.     Background**

On March 14, 2025, Judge Hill found Defendant Douglas Colby Barnes ("Barnes") not guilty only by reason of insanity of the following federal crimes charged by Indictment: Violence Against Mass Transportation Systems (Count 1); Assault Resulting in Serious Bodily Injury in Indian Country (Count 3); and Misdemeanor Assault by Striking, Beating, and Wounding (Counts

---

[1] Without objection from the parties, the Court conducted an unsealed hearing on this matter. Consistent with the hearing evidence, this Opinion and Order does not reveal details of Barnes' mental health diagnoses or treatment and focuses on Dr. Jones' conclusions. If, after reviewing this Opinion and Order, Barnes objects to the Order being public or requests redactions, he shall do so promptly.

[2] The referral does not specify whether the matter was referred for disposition under Federal Rule of Criminal Procedure 59(a) or for report and recommendation under Rule 59(b). The undersigned construes the referral as one pursuant to Rule 59(a), for disposition of the nondispositive matter of whether hospitalization of Barnes is required following a dispositive ruling by Judge Hill that Barnes is not guilty by reason of insanity to certain counts in the Indictment. The undersigned therefore issues this Opinion and Order. Upon inquiry at the hearing, neither party objected to this procedure.

4-6). *See* ECF No. 120 (Special Verdict, filed under seal). Judge Hill dismissed the federal kidnapping offense charged in Count 2 following entry of the Special Verdict. ECF No. 121.

In the Special Verdict, Judge Hill committed Barnes to a suitable facility "until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(e)." ECF No. 120 at 2. She ordered that Barnes undergo a psychological examination and that the facility provide a report of the examination pursuant to § 4243(b). *Id.* at 2-3. She scheduled a hearing under § 4243(c) and permitted Barnes to appear by video. *Id.* at 3. On April 9, 2025, the sealed medical evaluation of JohnRobert Jones, Psy.D. ("Report") was filed of record. ECF No. 122. On April 16, 2025, Judge Hill issued a referral of the "Medical Report and Hearing" to the undersigned. ECF No. 124.

Prior to the hearing, the undersigned was informed (1) Barnes objected to hospitalization under the custody of the Attorney General; (2) Barnes would call one live witness, his mother; (3) Barnes would stipulate that Dr. Jones would testify consistent with the Report and waive the right to cross examine Dr. Jones during live testimony; and (4) the United States would rely solely on the Report.

On April 21, 2025, the undersigned conducted the hearing required by § 4243(c) to determine whether Barnes is eligible for release under the standard outlined in § 4243(d). Neither party called Dr. Jones to testify, and Barnes waived his right to cross-examine Dr. Jones regarding the Report. The Court admitted the Report into evidence under seal without objection, and both parties stipulated Dr. Jones would testify consistent with the Report. The Report remains sealed. Barnes presented his mother as a witness in support of his release. The Court ordered Barnes hospitalized pursuant to 18 U.S.C. § 4243(e) and issues this Opinion and Order memorializing such ruling.

## II.    Legal Standards

Section 4243(a) provides that any person found not guilty by reason of insanity "shall be committed to a suitable facility until such time as he is eligible for release, as outlined in remaining portions of the statute."

Section 4243(d) outlines a person's burden of proving they should not be hospitalized in a suitable facility following a special verdict of not guilty by reason of insanity. It provides that "a person found not guilty only by reason of insanity of an offense involving bodily injury to another person or involving substantial risk of such injury has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect." 18 U.S.C § 4243(d). A person found guilty of any other type of offense has the burden of such proof by a preponderance of the evidence. *Id.* In order to make this determination, a court must conduct a hearing within forty days of a special verdict. *Id.* § 4243(c). A court must also order a psychological examination and report to be filed with the court before the hearing. *Id.* § 4243(b).

Section 4243(e) outlines what procedures must be followed if a person does not meet his burden of proving that release would not present a substantial risk of bodily injury to another person or damage to property of another. If, after a hearing, the court finds that the person has not met his burden, the court "shall commit the person to the custody of the Attorney General." *Id.* § 4243(e). The Attorney General must release the person to the appropriate official of the State in which the person is domiciled or was tried, if such State will assume responsibility for the person's custody, care, and treatment. *Id.* The Attorney General must make "reasonable efforts" to cause the State to assume this responsibility. *Id.* If the State will not assume this responsibility after reasonable efforts, the Attorney General shall hospitalize the person for treatment in a suitable facility until the earlier of the date on which (1) the State will assume responsibility for defendant;

3

or (2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another. *Id.* § 4243(e).

Section 4243(f) outlines when a person may be discharged from a hospitalization ordered by the court pursuant to § 4243(e). To begin the process, the director of the hospital housing the person must file a certification that the person "has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." *Id.* § 4243(f). If neither the United States nor the court requests a hearing challenging the certification, the court must order the discharge of the acquitted person. If the United States or the court desires a hearing, the court must conduct a hearing to determine whether the person should be discharged, conditionally released under a prescribed regimen of care, or remain hospitalized. The following scheme governs the court's release options:

> If, after the hearing, the court finds by the standard specified in subsection (d) that the person has recovered from his mental disease or defect to such an extent that—
> (1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
> (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall—
> (A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and
> (B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment.

> The court at any time may, after a hearing employing the same criteria, modify or eliminate the regimen of medical, psychiatric, or psychological care or treatment.

*Id.*

### III. Analysis

All charged offenses to which Barnes was found not guilty only by reason of insanity – including violence against mass transportation systems on land, felony assault, and misdemeanor assault – involve bodily injury to, or serious damage to the property of, another person, or a substantial risk of such injury or damage. Therefore, Barnes must meet the clear and convincing burden of proof in § 4243(d).

Barnes has not met his burden of showing by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect as required to avoid hospitalization under the statutory scheme. *See* 18 U.S.C. § 4243(d). The Court is persuaded by and adopts Dr. Jones' factual findings in support of his recommendation of hospitalization. Particularly, the undersigned is persuaded by and adopts Dr. Jones' conclusion, supported by facts in the Report, that "although his mental health symptoms appear well controlled with his [medication], [Barnes] continues to evidence deficits in his insight into his mental health, need for treatment, and violence risk." ECF No. 122 at 25. The undersigned is also persuaded by and adopts Dr. Jones' conclusion, supported by facts in the Report, that "concerns remain regarding his willingness to comply with ongoing psychotropic medication in an unstructured environment in the community given his recent past behavior of discontinuing medication prior to his *Harper* hearing and significant history of treatment noncompliance in the community." *Id.* The Court agrees with Dr. Jones that Barnes' hospitalization is necessary to ensure continuation of his current medication regime in a structured and controlled environment, which is essential to avoiding risks posed by Barnes' release to the

5

community at this time. Barnes did not present any contrary medical opinions or attempt to discredit Dr. Jones' opinions or methodology.

Barnes' mother testified regarding a release plan. Such plan would include Barnes staying at her residence; Barnes' access to mental health treatment, medication, and support through local mental health organizations; and Barnes' family support, including family members with mental health expertise. Such testimony is not adequate to carry Barnes' burden, considering the nature of the charged offenses; Dr. Jones' contrary medical opinion; and Barnes' history of medication noncompliance before and after the charged conduct in this case.

Accordingly, Barnes shall be committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility until he becomes eligible for release or conditional release under § 4243.

IT IS THEREFORE ORDERED that:

1. The Attorney General shall hospitalize Barnes for treatment in a suitable facility. The Attorney General shall make reasonable efforts to cause the State of Oklahoma to assume responsibility for Barnes' care, custody, and treatment.

2. A hearing is set for **October 21, 2025, at 10:00 am** by video. The Court finds that it would be in the best interests of Barnes to proceed with the hearing by video to avoid any potential disruption in treatment that would be caused by transportation to this District. If Barnes objects to appearing by video for this hearing, defense counsel shall inform the Court no later than two weeks prior to the scheduled hearing.

3. A psychological report shall be filed with the Court no later than **October 7, 2025**. The report shall include the examiner's opinion as to whether Barnes has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed treatment regimen, would no longer create a substantial risk of

bodily injury to another or serious damage of property of another due to a present mental disease or defect. If appropriate, the report shall include the required certification under 18 U.S.C. § 4243(f). If the certification is for a conditional release, the report shall include a certification of what treatment regimen is appropriate and recommended. The report shall also include information about whether Barnes is, at the time of the report, being involuntarily medicated or voluntarily medicated.

4. If requested by either party, the United States Probation Office shall assist in developing a supervision and treatment plan to assist the Court in making the necessary legal determinations.

5. If, at any time prior to the October 7, 2025, report deadline, the director of the facility to which Barnes is committed determines that Barnes "has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care of treatment, would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment." *Id.* § 4243(f).

**SO ORDERED** this 23rd day of April, 2025.

*[signature]*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**